**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DAVID GONZALES,**

        **Plaintiff,**

-vs-                        **Case No. 6:06-cv-1735-Orl-28KRS**

**JO ANNE B. BARNHART,**
**COMMISSIONER OF SOCIAL**
**SECURITY,**

        **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **MOTION FOR AWARD OF ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. 2412(D) (Doc. No. 21)** |
| **FILED:** | **August 28, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED as moot**.

| | |
|---|---|
| **MOTION:** | **AMENDED MOTION FOR AWARD OF ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. 2412(D) (Doc. No. 21)** |
| **FILED:** | **September 26, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED.**

The plaintiff, David Gonzales, seeks an award of attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. A final judgment was entered in favor of Gonzales on July 29, 2008. Doc. No. 20. The defendant, the Commissioner of Social Security, does not oppose the motion. Doc. No. 23 at 2. An award of fees is, therefore, ripe for consideration.

Gonzales's attorney seeks $1,264.55 in attorney's fees for 7.7 hours of work performed from 2006-2008: 3.9 hours of work performed in 2006; and 3.8 hours of work performed in 2007 and 2008. Doc. No. 23-3. The EAJA sets a ceiling of $125.00 on the hourly rate for which attorneys may be compensated under the statute, which courts may adjust upward based on changes in the Consumer Price Index (CPI). 28 U.S.C. § 2412(d)(2)(A). Gonzales has presented an analysis of changes in the CPI that supports adjustment of the rate in this case to $162.57 per hour for work performed in 2006 and $165.93 per hour for work performed in 2007. Doc. No. 16-2. Gonzales requests that the Court apply the 2007 rate to work performed in both 2007 and 2008.

After reviewing the papers submitted by Gonzales, I find that the fees requested are appropriate in the absence of objection.

Gonzales also requests that the Court direct payment of the fees to his attorney. The United States Court of Appeals for the Eleventh Circuit has recently held that EAJA attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney. *Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008). Gonzales submitted an Assignment by which he assigned any attorney's fees awarded by the Court pursuant to the EAJA to Attorney Fugate. Doc. No. 20. Gonzales, being the individual entitled to any EAJA attorney's fees awarded by the Court, had the right to assign those fees to his counsel. *See, e.g., Turner v. Astrue*, No. 5:07cv09/RS-EMT, 2008 WL 2561966, at * 2-3 (N.D. Fla. June 24, 2008).

Accordingly, it is **RECOMMENDED** that the Court direct the Commissioner to pay Attorney Fugate $1,264.55 in attorney's fees.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 30, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy